FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR 1 1 2022  ★

LONG ISLAND OFFICE

Dimitrios Papadimitriou/PRO PER
11809 83rd Ave Apt 5D
Kew Gardens, NY 11415
jimmyp1077@gmail.com

CV 22 2066

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DeARCY HALL, J.

BLOOM, M.J.

J.

| | |
|---|---|
| Dimitrios Papadimitriou, | ) Case No.: |
| | ) |
| Plaintiff, | ) VERIFIED COMPLAINT FOR VIOLATIONS |
| vs. | ) OF THE FAIR DEBT COLLECTION |
| | ) PRACTICES ACT,  15 USC §1692 *et. seq.* |
| MULLOOLY, JEFFREY, ROONEY & | ) |
| FLYNN, LLP, and, KERRI S. FLYNN | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |
| | ) |
| | ) |

DeARCY HALL, J.

BLOOM, M.J.

Plaintiff, Dimitrios Papadimitriou, hereinafter known as Plaintiff, brings this complaint

against MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, or, "MJR&F", and Kerri S. Flynn,

or "Flynn", hereinafter known collectively as Defendants, for violations of the Fair Debt

Collection Practices Act. 15 U.S.C. § 1692 *et seq.*, hereinafter known as the FDCPA, and alleges

as follows:

## PRELIMINARY STATEMENT FDCPA

1.      The FDCPA, enacted as Public Law 95-109, September 20, 1977, regulates the behavior

of debt collectors and collection agencies attempting to collect a debt on behalf of another.

The United States Congress has found an abundant evidence of the use of abusive, deceptive,

and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(f).

2.      As a strict liability statute, the FDCPA provides for actual or statutory damages upon the showing of one violation. The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service*, Inc. 869 F.2d 122, 1227 (9th Cir. 1988). The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law. More than fifty years ago, the Supreme Court noted that,[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir.1993) (quoting *Federal Trade Commission v. Standard Education Society*, 302 U.S. 112, 116, 58 S. Ct. 113, 115, 82 L. Ed. 141 (1937)).

1    and unfair debt collection practices by many debt collectors and has determined that abusive

2    debt collection practices contribute to a number of personal bankruptcies, marital instability,

3    to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate

4    abusive debt collection practices by debt collectors, to ensure that those debt collectors who

5    refrain from using abusive debt collection practices are not competitively disadvantaged and

6    to promote consistent and uniform state action to protect consumers against debt collection

7    abuses. 15 U.S.C. § 1692(a)-(f).

8

9    2.    As a strict liability statute, the FDCPA provides for actual or statutory damages upon the

10    showing of one violation. The federal courts have held that whether a debt collector's

11    conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated"

12    consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v.*

13    *Southern Oregon Credit Service*, Inc. 869 F.2d 122, 1227 (9th Cir. 1988). The basic purpose

14    of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all

15    consumers, the gullible as well as the shrewd. This standard is consistent with the norms that

16    courts have traditionally applied in consumer-protection law. More than fifty years ago, the

17    Supreme Court noted that,[t]he fact that a false statement may be obviously false to those

18    who are trained and experienced does not change its character, nor take away its power to

19    deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty

20    of those with whom he transacts business. Laws are made to protect the trusting as well as

21    the suspicious. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir.1993) (quoting *Federal*

22    *Trade Commission v. Standard Education Society*, 302 U.S. 112, 116, 58 S. Ct. 113, 115, 82

23    L. Ed. 141 (1937)).

24

25

26

27

28

3.      Furthermore, the FDCPA does not ordinarily require proof of an intentional violation. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)(noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

4.      The FDCPA was enacted to protect consumers from abusive, deceptive and unfair debt collection practices, and to ensure that non-abusive debt collectors would not be competitively disadvantaged. 15 U.S.C. § 1692d-f.  To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a "consumer" as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector" as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA.  In evaluating alleged violations of the Act, the Fourth Circuit generally applies the objective "least sophisticated consumer" standard.[1] In adopting this standard, the Court of Appeals for the Fourth Circuit stated:

> "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law ... While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."

---

[1]   *U.S. v. National Fin. Servs., Inc., 98 F.3d 131, 135-36 (4th Cir. 1996).*

5.      Under the validation of debt requirements described at 15 U.S.C. 1692g(b), Congress

chose to use the the term, "verification", as one of the required forms of validation of a proposed

debt if a consumer disputes a debt alleged to be owed another. While not specifically defined in

the FDCPA, "verification" is clearly and unambiguously defined in numerous law dictionaries

and publications to have the same, or similar description as elements commonly found in an

affidavit, meaning a sworn statement signed under oath and the penalty of perjury.  For example,

Black's Law Dictionary, 7th Edition (1999), defines verification as "A formal declaration made in

the presence of an authorized officer, such as a notary public, by which one swears to the truth of

the statements in the document." And, in Black's Law Dictionary, 6[th] Edition, verification is

defined in part as "Confirmation of correctness, truth, or authenticity, by affidavit, oath or

deposition .... In accounting, the process of substantiating entries in books of account."  Even

Merriam-Webster's definition of verification describes the term as "a sworn statement of truth or

correctness".

6.      Furthermore, the Supreme Court has held that: A fundamental canon of statutory

construction is that, unless otherwise defined, words will be interpreted as taking their ordinary,

contemporary, common meaning. *Burns v. Alcala,* 420 U. S. 575, 420 U. S. 580-581 (1975), and

in SEBELIUS v. CLOER, 133 S.Ct. 1886 (2013), the court stated "Our "inquiry ceases [in a

statutory construction case] if the statutory language is unambiguous and the statutory scheme is

coherent and consistent." *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151

L.Ed.2d 908 (2002) (internal quotation marks omitted)."

7.      Defendants' acts and ongoing conduct while attempting to collect an unverified debt from

Plaintiff, and while alleging debt validation as having occurred, violates the FDCPA. And now

that the threat of litigation in a state court is looming, Defendants are damaging Plaintiff by

causing Plaintiff to experience various forms of emotional distress and mental anguish, and depriving Plaintiff of his right to know who he owes and how much, and, his right to privacy and to be let alone[2].

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

8.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

9.      All conditions precedent to the bringing of this action have been performed.

10.     Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and 15 U.S.C. §1692, as Plaintiff resides here, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here.

11.     Plaintiff respectfully demands a trial by Jury.

## CIVIL LIABILITY-RIGHT OF REMEDY

12.     15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

## PARTIES

13.     Plaintiff Dimitrios Papadimitriou, a natural person, is an adult individual who resides in Queens County, New York.

14.     Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

---

[2]    42 U.S.C. §1983, "The makers of the Constitution conferred the most comprehensive of rights and the right most valued by all civilized men—**the right to be let alone**" *[Justice Louis D. Brandeis (1856-1941)]*

15.     While a business search on the New York State Department of State website yielded no results of an entity using its name, Plaintiff is informed and believes, and thereon alleges that Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, is a legal entity or corporation, and regularly conducts business in the state of New York, with a principal office located at 6851 Jericho Turnpike, Ste 220, Syosset, New York, 11791-9036, USA.

16.     Plaintiff is informed and believes, and thereon alleges that Defendant Kerri S. Flynn, is an individual, and regularly conducts business from MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP's business office located at 6851 Jericho Turnpike, Ste 220, Syosset, New York, 11791-9036, USA.

17.     Defendants are debt collectors as described at 15 U.S.C. §1692a(6), who, at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff by use of mail, as defined by 15 U.S.C. §1692a(5).

18.     Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes

19.     Wherever this complaint alleges that MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP did any act or thing, it is meant that it, its directors, officers, agents, employees, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under direct control of Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP.

20.     Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether or not known to each Defendant, was expressly authorized or ratified in concert by all the Defendants.

**FACTUAL ALLEGATIONS**

21.     Prior to April, 2021, Plaintiff allegedly incurred financial obligations to the original creditor, JPMorgan Chase Bank, N.A., or, "Chase", or a predecessor-in-interest, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt".

22.     Following receipt of billing statements for an alleged credit account ending in 4533, Plaintiff became increasingly concerned as to the accuracy of said statements, and on April 13, 2021, Plaintiff sent a notice of dispute concerning the account and demanded validation to proposed creditor, Chase.

23.     Thereafter on several occasions, Plaintiff corresponded with Chase, and another unknown entity concerning Plaintiff's objections to the proposed account statements, however, Chase, or the third-party responsible for sending said statements, did no resolve Plaintiff's disputes, or provide validation of the alleged debt as requested.

24.     Then, on or about February 10, 2022, Defendant MJR&F, sent Plaintiff an unsigned dunning letter demanding payment for the alleged account previously disputed by Plaintiff.

25.     Therefore, on March 09, 2022, Plaintiff sent Defendant a notice of dispute, which includes a demand for validation, pursuant to the FDCPA.  Reference **Exhibit A.**

26.     Thereafter, on or about March 17, 2022, Defendants MJR&F and Flynn, instead replied to Plaintiff's dispute of the debt and request for validation with a writing alleging to be in response to Plaintiff's request for "substantiation" of the alleged account.  Reference **Exhibit B.**

27.     However, Plaintiff never requested "substantiation" of the proposed debt.

28.     Defendants' communication also includes the statement, "Important Notice: This communication is from a Debt Collector.  This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose."

29.     While Plaintiff specifically requested validation of the alleged debt pursuant to the FDCPA, Defendants are instead unfairly engaging with Plaintiff under false, deceptive or misleading representations that the proposed "substantiation" of debt allegedly satisfies requirements pursuant to another jurisdiction, while Defendants are ignoring the requirements of the FDCPA.

30.     Furthermore, Defendants' acts and conduct, while ignoring or refusing to provide actual debt validation, are causing Plaintiff to incur charges and damages in the form of time away from family and work responsibilities in order to enforce Defendants' compliance requirements under the FDCPA.

31.     Furthermore, Defendants' acts and conduct are causing Plaintiff to experience emotional distress and mental anguish.

32.     Defendants are also violating Plaintiff's right to privacy and to be let alone[3].

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692g(b), NON-COMPLIANCE BY ALL DEFENDANTS**

33.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 32, as though fully set forth herein.

---

[3]   42 U.S.C. §1983, "The makers of the Constitution conferred the most comprehensive of rights and the right most valued by all civilized men—**the right to be let alone**" *[Justice Louis D. Brandeis (1856-1941)]*

34.     As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

35.     Following receipt of Plaintiff's objections in his notice of dispute and request for validation, Defendants are required to cease collection against Plaintiff until Defendants provide Plaintiff with either verification of the debt, or a copy of a judgment.

36.     Instead, and while failing to meet the debt validation requirements of the FDCPA, Defendants continue their collection activity by sending correspondence which states, "Important Notice: This communication is from a Debt Collector.  This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.".

37.     By their ongoing conduct of attempting to collect an alleged debt, while absent debt validation, Defendants are violating 15 U.S.C. §1692g(b), which states, in part:

15 USC 1692g

**§ 809. Validation of debts**

**(b) Disputed debts**
**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed**, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment**, or the name and address of the original creditor, **and a copy of such verification or judgment**, or name and address of the original creditor, **is mailed to the consumer by the debt collector.**

*(emphasis added)*

**WHEREFORE,** Plaintiff requests relief and judgment as follows:

a)     Adjudging that both Defendants' conduct violates 15 U.S.C. §1692g(b);

b)      Issue an Order or temporary injunction to Defendants to immediately cease collection activity of the unverified debt;

c)      Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for violating 15 U.S.C. §1692g(b);

d)      Awarding Plaintiff any fees and costs incurred in this action;

e)      Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692d, NON-COMPLIANCE BY ALL DEFENDANTS**

38.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 32, as though fully set forth herein.

39.     As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

40.     Defendants know full well, or should have known, copies of billing statements do not validate an alleged debt.

41.     By their ongoing activity of attempting to collect an alleged debt from Plaintiff, while absent debt validation pursuant to the FDCPA, Defendants' conduct constitutes harassment, oppression, and abuse, by subjecting Plaintiff to additional debt collection efforts, including the prospect of being forced to defend against Defendants' allegations on behalf of another party in a state action.

42.     Consequently, Defendants' are engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt.

43.     Defendants' conduct violates 15 U.S.C. §1692d, which states, in part:

15 USC 1692d

**§ 806. Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

    a)       Adjudging that Defendants' conduct violates 15 U.S.C. §1692d;

    b)       Issue an Order or temporary injunction to Defendant to immediately cease collection activity of the subject unverified debt;

    c)       Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for each violation of the FDCPA;

    d)       Awarding Plaintiff any fees and costs incurred in this action;

    e)       Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692e, NON-COMPLIANCE BY ALL DEFENDANTS**

44.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 – 32, as though fully set forth herein.

45.    As defined in the FDCPA, Plaintiff is a consumer, and Defendants are debt collectors attempting to collect an alleged debt.

46.    As described above at ¶26, Defendants' use of the term "substantiation" for purposes of satisfying requirements under another jurisdiction, in the correspondence dated March 17, 2022, instead of providing Plaintiff with validation as requested by Plaintiff on or about March 09,

2022, is misleading and demonstrates false, deceptive or misleading representations while attempting to collect an alleged debt.

47.     Therefore, Defendants' conduct violates 15 U.S.C. §1692e, which states, in part:

15 USC 1692e

**§ 807.  False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**WHEREFORE,** Plaintiff requests relief and judgment as follows:

a)     Adjudging that Defendants' conduct violates the 15 USC 1692e;

b)     Issue an Order or temporary injunction to Defendant to immediately cease collection activity of the subject unverified debt;

c)     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1000 from each Defendant for each violation of the 15 USC 1692e;

d)     Awarding Plaintiff any fees and costs incurred in this action;

e)     Awarding such other and further relief as the Court may deem just and proper.

Respectfully submitted this ___11th___ day of April, 2022,

Dimitrios Papadimitriou/PRO PER
11809 83rd Ave Apt 5D
Kew Gardens, NY 11415
jimmyp1077@gmail.com
without prejudice

**AFFIDAVIT**

1

2  STATE OF New York          )

3                             )ss.
                    *Nassau*
4  COUNTY OF ~~Queens~~       )

5        I, Dimitrios Papadimitriou, have read the foregoing Complaint and know its

6  contents. I am the Plaintiff, party to this action, and am authorized to make this affidavit. I

7  have firsthand knowledge as to the matters stated in the foregoing document as true, certain,
   correct and not misleading, except as to those matters which are stated on information and

8  belief, and as to those matters I believe them to be true, certain, correct and not misleading.

9        I declare under penalty of perjury under the laws of the State of New York that the

10  foregoing is true and correct.

11                                          *April 11, 2022*

12

13

14

15                                          Dimitrios Papadimitriou/PRO PER

16                                          11809 83rd Ave Apt 5D
                                            Kew Gardens, NY 11415
17                                          jimmyp1077@gmail.com

18

19  *State of NY*

20  *County of Nassau*

21  *Sworn to before me on 11th April 2022*

22

23

24

25            VIKRAM S RANA
         NOTARY PUBLIC-STATE OF NEW YORK
26              No. 01RA6376926
            Qualified in Suffolk County
27         My Commission Expires 06-25-2022

28

# EXHIBIT A

Dimitrios Papadimitriou
118-09 83rd Avenue, Apt # 5D
Kew Gardens, NY 11415

## NOTICE DATE:  MARCH 9, 2022

Mullooly, Jeffrey, Rooney & Flynn LLP
Law Offices
6851 Jerico Tpke, Suite 220
P.O. Box 9036
Syosset, New York 11791-9036

### _Sent via United States Postal Service® Tracking No.:  7021 0950 0001 5397 6472_

Re: Acct # xxxx-xxxx-xxxx-4533

To Whom It May Concern:

Thank you for your recent communication dated February 10, 2022 which was received on February 16, 2022.  I enclosed a copy of this correspondence with this mailing.  Please note that I have sent several notices of similar nature to "Cardmember Services" to dispute the debt and to provide a proof of claim, through certified mail.

This is not a refusal to pay, but a notice that your claim is **disputed.**

This is a request for validation made pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b).  Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting validation of the alleged debt.  Please note that I expect validation to be in the form of proof you hold the original obligation and certified accounting records from the Business Records Custodian, **not copies of billing statements or records from a third-party.**

You should also be aware that sending unsubstantiated demands for payment through the United States mail system may constitute mail fraud under international, federal and state law, see 18 U.S.C. § 1341. Please make sure your records are accurate.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

By: _____

Dimitrios Papadimitriou

without prejudice

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector or Assignee: _____

_____

Name and Address of Alleged Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor with specificity and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____

Authorized signature for Collector                    Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

Mullooly, Jeffrey, Rooney & Flynn LLP
Law Offices
6851 Jericho Tpke, Suite 220
P.O. Box 9036
Syosset, New York 11791-9036
Tel:(516)656-5300 Toll Free:(888)762-6573

To:   DIMITRIOS PAPADIMITRIOU
      11809 83RD AVE APT 5D
      KEW GARDENS, NY 11415

**MJRF Reference #: 02173335**
February 10, 2022

**Mullooly, Jeffrey, Rooney & Flynn LLP is a debt collector.** We are trying to collect a debt that you owe to *JPMorgan Chase Bank, N.A. We will use any information you give us to help collect the debt.*

## Our information shows:

You had a credit card from JPMorgan Chase Bank, N.A. with account number xxxx-xxxx-xxxx-4533.

| | | |
|---|---|---|
| As of September 30, 2021, you owed: | $ | 7,234.30 |
| Between September 30, 2021 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You were charged this amount in non-interest charges: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | - $ | 0.00 |
| Total amount of the debt now: | $ | 7,234.30 |

## How can you dispute the debt?

• **Call or write to us by March 27, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

• **If you write to us by March 27, 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

• **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by March 27, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form.

• **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

• *Contact us about your payment options.*

**Notice:** **See reverse side for important information.**

D4

....tear here...........................................................................................................................................................................................

## How do you want to respond?

Check all that apply:

**Mail this form to:**
Mullooly, Jeffrey, Rooney & Flynn LLP
6851 Jericho Tpke, Suite 220
P.O.Box 9036
Syosset, New York 11791-9036

☐ **I want to dispute the debt because I think:**
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount:** | $_____ |

Make your check payable to Mullooly, Jeffrey, Rooney & Flynn LLP. Include the MJRF reference number: 02173335.

DIMITRIOS PAPADIMITRIOU
11809 83RD AVE APT 5D
KEW GARDENS, NY 11415

- NYC DEPT of Consumer Affairs, License #2045157.

- Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
  (1) the use or threat of violence;
  (2) the use of obscene or profane language; and
  (3) repeated phone calls made with the intent to annoy, abuse or harass.

  If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
  (1) Supplemental Security Income,(SSI);
  (2) Social Security;
  (3) Public Assistance (welfare);
  (4) Spousal support, maintenance (alimony) or child support;
  (5) Unemployment benefits;
  (6) Disability benefits;
  (7) Workers' compensation benefits;
  (8) Public or private pensions;
  (9) Veterans' benefits;
  (10) Federal student loans, federal student grants, and federal work study funds;
  (11) Ninety percent of your wages or salary earned in the last 60 days; and
  (12) COVID-19 stimulus relief for individuals and families with children.

- You may request this letter, and future letters, in large print. You may call (516)656-5300 or write us at Mullooly, Jeffrey, Rooney & Flynn LLP, 6851 Jericho Tpke, Suite 220, P.O. Box 9036, Syosset, New York 11791-9036 to make such a request.

- At this time, no attorney with this firm has personally reviewed the particular circumstances of this account.

- New York City residents:
  For information gathering purposes only, we are required to request your language of preference. We only conduct business in English and do not provide language translation services. A translation and description of commonly used debt collection terms is available in multiple languages on the New York City Department of Consumer Affairs website www.nyc.gov/dca .

- If you have any questions, please feel free to contact Dariana Juarez, a non-attorney debt collector, at (516)656-5315.

EN7

**LAW OFFICES**

**MULLOOLY, JEFFREY, ROONEY & FLYNN LLP**

6851 JERICHO TURNPIKE, SUITE 220
P.O. BOX 9036
SYOSSET, NEW YORK 11791-9036

Return Service Requested

1141581334 C086



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Syosset, NY 11791

Certified Mail Fee  $7.75

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)            $ $0.00
☐ Return Receipt (electronic)          $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required             $ $0.00
☐ Adult Signature Restricted Delivery  $ $0.00

Postage  $1.56

Total Postage and Fees
$                          03/09/2022

Postmark Here
MAR 9 2022
0215 05

Sent To  Mullooly Jeffrey Rooney + Flynn LLP
Street and Apt. No., or PO Box No.  6851 Jerico Tpke, Suite 220 PO Box 9036
City, State, ZIP+4®  Syosset, NY 11791-9036

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Case 1:22-cv-02066-LDH-LB   Document 1   Filed 04/11/22   Page 22 of 26 PageID #: 22

# USPS Tracking®

FAQs 〉

## Track Another Package  +

**Tracking Number:** 70210950000153976472

Remove ✕

Your item has been delivered and is available at a PO Box at 8:56 am on March 14, 2022 in SYOSSET, NY 11791.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, PO Box

March 14, 2022 at 8:56 am
SYOSSET, NY 11791

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**    ⌄

---

**Tracking History**    ⌃

**March 14, 2022, 8:56 am**
Delivered, PO Box
SYOSSET, NY 11791
Your item has been delivered and is available at a PO Box at 8:56 am on March 14, 2022 in SYOSSET, NY 11791.

**March 14, 2022, 8:22 am**
Arrived at Post Office
SYOSSET, NY 11791

Case 1:22-cv-02066-LDH-LB    Document 1    Filed 04/11/22    Page 23 of 26 PageID #: 23

**March 13, 2022, 6:58 pm**
**Departed USPS Regional Facility**
MID NY DISTRIBUTION CENTER

**March 12, 2022**
**In Transit to Next Facility**

**March 10, 2022, 10:32 am**
**Arrived at USPS Regional Facility**
MID NY DISTRIBUTION CENTER

**March 9, 2022, 10:51 pm**
**Arrived at USPS Regional Origin Facility**
NEW YORK NY DISTRIBUTION CENTER

**March 9, 2022, 6:55 pm**
**Arrived at USPS Regional Facility**
QUEENS NY DISTRIBUTION CENTER

**March 9, 2022, 6:19 pm**
**Arrived at USPS Facility**
JAMAICA, NY 11435

**March 9, 2022, 6:18 pm**
**Departed USPS Facility**
KEW GARDENS, NY 11415

**March 9, 2022, 3:13 pm**
**USPS in possession of item**
KEW GARDENS, NY 11415

Feedback

---

**USPS Tracking Plus®**                                    ⌄

---

**Product Information**                                    ⌄

---

See Less ⌃

Case 1:22-cv-02066-LDH-LB   Document 1   Filed 04/11/22   Page 24 of 26 PageID #: 24

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# EXHIBIT B

Law Office
**MULLOOLY,JEFFREY,ROONEY & FLYNN LLP**
6851 JERICHO TPKE-SUITE 220
PO BOX 9036
SYOSSET,NEW YORK 11791-9036
Tel 516-656-5300
Fax 516-921-2131
**Toll Free 888-762-6573**
NYC DEPT of Consumer Affairs,License# 2045157

DIMITRIOS PAPADIMITRIOU
11809 83RD AVE APT 5D
KEW GARDENS,NY 11415

03/17/22

Creditor: JPMorgan Chase Bank, N.A.
MJRF File #:  02173335

Account Number ending in:  4533

. The account was opened on 04/13/15.
. The current balance as of 03/17/22 is $7,234.30.

The details and account history you requested for substantiation of your
JPMorgan Chase Bank account are attached.

Included herein as required by 1.4 of 23 NYCRR 1 are the:

1. A copy of the signed contract or signed application, or a copy of a document
sent to you while your account was active demonstrating the account was
incurred by you; or the most recent monthly statement recording a purchase
transaction, payment or balance transfer.
2. The charge-off account statement.
3. JPMorgan Chase Bank, N.A. is the original creditor and the current creditor
and there is no chain of title to be provided.
4. If applicable, records reflecting the amount and date of any prior
settlement agreement reached in connection with the debt pursuant to section
1.5 of 23 NYCRR 1.

Questions?
If you have questions or need assistance, please call Thaddeus Curtiss, a
non-attorney debt collector at, (516)656-5356 between the hours of 8:30 am and
5:30 pm EST,Monday through Friday.

Sincerely,

Kerri S. Flynn
Partner

Important Notice: This communication is from a Debt Collector. This is an
attempt to collect a debt by a debt collector. Any Information obtained will be
used for that purpose.

SOD