UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DIMITRIOS PAPADIMITRIOU,

                        Plaintiff,

           v.

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, and KERRI S. FLYNN,

                        Defendants.

**MEMORANDUM AND ORDER**

22-CV-2066 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Dimitrios Papadimitriou ("Plaintiff"), proceeding pro se, commenced this action against Mullooly, Jeffrey, Rooney & Flynn, LLP, and Kerri S. Flynn ("Defendants") on April 11, 2022, asserting violations of the Fair Debt Collect Practices Act ("FDCPA"). (Compl., ECF No. 1.) On June 9, 2022, the Court held a pre-motion conference and subsequently dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim on which relief can be granted. On July 21, 2022, Plaintiff filed an amended complaint, renewing his claim for a violation of the FDCPA and adding claims for violation of 42 U.S.C. §1983 ("Section 1983"), breach of contract, infliction of emotional distress, and negligent and reckless conduct. (Am. Compl., ECF No. 14.) On December 19, 2022, Defendants moved for judgment on the pleadings. (Def. First Mem. L. Supp. Mot. J. Plead., ECF No. 42.) On December 20, 2022, the Defendants' motion was denied with leave to renew. On January 8, 2023, Defendants renewed their motion for judgment on the pleadings. (Def.'s Second Mem. L. Supp. Mot. J. Plead., ECF No. 44.) On June 10, 2023, Plaintiff moved for a temporary restraining order ("TRO"), seeking to enjoin Defendants from collecting debt against him until "Defendant[s] produce [their] authorities to collect against [him]." (Pl.'s Mot. TRO, ECF No. 58 at 2.)

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Accordingly, a TRO should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *See JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (outlining the standard for a preliminary injunction).

Of particular relevance here, a showing of irreparable harm is "'the single most important prerequisite" for granting a TRO. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). This element is so critical to the Court's inquiry that the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66–67 (2d Cir. 2007) ("[T]he moving party must first demonstrate [irreparable harm] before the other requirements for the issuance of an injunction will be considered." (internal quotation marks and citation omitted)). "To satisfy the irreparable harm requirement, [a plaintiff] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* at 66 (internal quotation marks and citation omitted). Plaintiff has failed to make this showing.

According to Plaintiff, Defendant has "recently recommenced collections against [him] by initiating two (2) separate state actions." (Pl. TRO Mot. at 1.) Plaintiff argues only that he

will suffer irreparable harm if Defendants are able to maintain collections actions against him.[1] (*Id.*)  Plaintiff has failed to allege how this purported harm could not be remedied with a damages award.  And it is a "cardinal rule" that, as a general matter, allegations of monetary harm are insufficient to establish irreparable harm.  *Kebapci v. Tune Core Inc.*, No. 15-CV-7141, 2016 WL 6804919, at *3 (E.D.N.Y. Nov. 16, 2016).  Put differently, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).  No such extraordinary circumstances are present in this case.  Having failed to make a showing of irreparable harm, Plaintiff's request for a TRO must be denied.

For the foregoing reasons, Plaintiff's motion for a TRO is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      June 22, 2023

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[1] Plaintiff also argues that Defendants have disclosed his private and sensitive information violating "Plaintiff's fundamental right to privacy and right to be let alone." (Pl. TRO Mot., ECF No. 58 at 1–2.) However, Plaintiff's motion does not indicate to whom the information was disclosed or how he was irreparably harmed by any such disclosure.