UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DIMITRIOS PAPADIMITRIOU,

                         Plaintiff,

          v.

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, and KERRI S. FLYNN,

                         Defendants.

**MEMORANDUM AND ORDER**

22-CV-2066 (LDH) (LB)
22-CV-2065 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

Dimitrios Papadimitriou ("Plaintiff"), proceeding pro se, asserts claims for violations of the Fair Debt Collect Practices Act ("FDCPA") and 42 U.S.C. §1983 ("Section 1983") against Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF"), and Kerri S. Flynn ("Defendants"). Plaintiff also asserts claims for breach of contract, infliction of emotional distress, and negligent and reckless conduct. Defendants move, pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety.

## BACKGROUND[1]

Defendant MJRF is a law firm where Defendant Kerri S. Flynn is an attorney partner. (Am. Compl. ¶ 69, ECF No. 14; Defs.' Mem. J. Pleadings ("Defs.' Mem.") at 1, ECF No. 44-1.) JP Morgan Chase Bank ("Chase Bank") retained MJRF to provide debt collection services on its behalf. (Defs.' Mem. at 9; Kerri S. Flynn Aff. in Support of Answer ("Flynn Aff."), ECF No. 16-1.) Plaintiff held two credit accounts at Chase Bank.[2] (Compls. ¶ 22, ECF No. 1.) On April

---

[1] The facts—taken from the pleadings, as well as documents incorporated therein and attached thereto—are assumed to be true for purposes of this Memorandum and Order.
[2] On April 11, 2022, Plaintiff filed two nearly identical complaints against Defendants under separate case numbers, related to two different credit accounts. (*See* Compls. ¶ 22, ECF No. 1.) Following a pre-motion conference on June 9, 2022, this Court instructed Plaintiff that should he choose to file an amended complaint, he was directed to

1

13, 2021, after receiving billing statements for both accounts, Plaintiff sent notices of dispute and demanded validation of each debt. (Compls. ¶ 22.) According to the complaint, Chase Bank never resolved the dispute and did not "provide validation of the alleged debt as requested." (*Id.* ¶ 23.) On February 10, 2022, Defendant MJRF sent Plaintiff dunning letters demanding debt payment. (*Id.* ¶ 24; Compls., Ex. A.) Because Plaintiff did not have a prior business or contractual relationship with MJRF, Plaintiff began feeling "anxious, harassed, and intimated" upon receipt of the demand letters. (Am. Compl. ¶ 69.)

On March 9, 2022, Plaintiff sent a second notice of dispute and demanded validation as to both accounts. (*Id.*; Compls. ¶ 25.) On March 17, 2022, MJRF and Kerri S. Flynn replied to Plaintiff's letter with "substantiation" of the account. (Am. Compl. ¶ 69; Compls. ¶ 26, Ex. B.) The substantiation letter included the statement "Important Notice: This communication is from a Debt Collector. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." (Compls. ¶ 28, Ex. B.) The substantiation letter indicated the opening date of both credit accounts and the outstanding amounts owed. (Compls. Ex. B.) The letter includes (1) "[a] copy of the signed contract or signed application, or a copy of a document sent to [Plaintiff] while [Plaintiff's] account was active demonstrating the account was incurred by [Plaintiff]; or the most recent monthly statement recording a purchase transaction, payment or balance transfer," and (2) "[t]he charge-off account statement." (Compls. Ex. B.) The substantiation letter also indicates that JP Morgan Chase Bank, N.A. is the original and current creditor and that "there is no chain of title to be provided." (*Id.*) As a consequence of receiving this letter, "[Plaintiff] began experienc[ing] feelings of being extorted,

---

do so only as a single amended complaint on docket 22-cv-2066. The facts taken from the pleadings include the two original complaints and the amended complaint. Any citation to an individual complaint from either action will be identified by its case number. Any citation to both original complaints from the original action shall be referred to as "Compls.".

2

intimated, harassed, ignored, abused, disgusted, angry, frustrated, indignation, anxiety, helplessness, despondency, discouragement, unhappiness, loss of hope and low spirits." (Am. Compl. ¶ 69.)

## DISCUSSION

### I.     ARTICLE III STANDING

"A case is properly dismissed for lack of subject jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Court lacks jurisdiction if the plaintiff has no Article III standing.  *See Cortlandt Street Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) … when … the plaintiff lacks constitutional standing to bring the action.")  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.  The concept of standing is part of this limitation." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (citation omitted).  The "irreducible constitutional minimum" of Article III standing consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

The Court must first consider whether Plaintiff has standing before the case may proceed.  At the pleading stage, elements of Article III standing are not "mere pleading requirements but rather an indispensable part of the plaintiff's case," and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Carter v.*

3

*HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted.)  Of course, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citation omitted.)  But, "[a]lthough [the Court] generally accept[s] the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citations omitted.)  Thus, the district court must "determine whether the [p]leading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Carter*, 822 F.3d at 56 (citation omitted).  In this case, Defendants argue that it does not.  The Court agrees.

      Here, Plaintiff alleges that he began feeling "anxious, harassed, and intimated" after receiving Defendants' demand letter.  (Am. Compl. ¶ 69.)  While emotional distress and mental anguish may satisfy the concrete injury requirement of Article III standing, "[a] perfunctory allegation of emotional distress … is insufficient to plausibly allege constitutional standing." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021).  Moreover, the Second Circuit has made plain that "the distress or anxiety caused by 'simply mailing a collection letter … is a far cry from extreme and outrageous conduct' required to assert a cognizable claim for emotional harm." *See Clarke v. McCabe, Weisburg & Conway*, LLC, 22-CV-3289, 2022 WL 3030347 at *3 (Aug. 1, 2022) (dismissing FDCPA claim and reasoning that "the bare allegation of anxiety does not qualify as injuries in fact.")  Without more, Plaintiff is unable to establish that he has suffered an injury in fact and this case must be denied for lack of

4

subject matter jurisdiction. Even if Plaintiff satisfied the standing requirements under Article III, his claims fail as set forth below.

## II. THE FAIR DEBT COLLECTION PRACTICES ACT

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings.") To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

In deciding a motion for judgment on the pleadings, the Court also considers "the defendants' answer, any written documents attached to the complaint or the answer, any document that is incorporated by reference into the complaint, any document that is 'integral' to the complaint, and any matter of which the court may take judicial notice." *Velarde v. GW GJ, Inc.*, 914 F.3d 779, 781, n.1 (2d Cir. 2019). Where a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."

5

*Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).  Here, Plaintiff claims that Defendants violated the FDCPA, arguing that Defendants failed to (1) validate his debt, and (2) prove the existence of an "agency-principal relationship" between MJRF and Chase Bank.³  (Pl.'s Mem. in Opp'n to Def. Mot, J. Pleadings ("Pl.'s Opp'n"), at 2, ECF 44-2.)

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent [s]tate action to protect consumers against debt collection abuses." *Ceban v. Cap. Mgmt. Servs., L.P.*, No. 17-CV-4554, 2018 WL 451637, at *2 (E.D.N.Y. Jan. 17, 2018) (quoting 15 U.S.C. § 1692(e)).  In particular, the FDCPA provides:

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).  As Defendants' correctly point out, Defendants' validation of debt was sufficient to satisfy § 1692(g).  "Verification of a debt requires only that the debt collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is

---

³ Plaintiff also alleges that Defendants unlawfully obtained his private personal information in violation of the FDCPA.  (Am. Compl. ¶ 7.)  However, Plaintiff merely asserts that Defendants have access to his private personal information, without stating a clear violation of any right.  (*Id.* ¶ 4, 29)

6

owed; the debt collector is not required to keep detailed files of the alleged debt." *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, at *6–7 (S.D.N.Y. Aug. 13, 2001) (quoting *Choudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1998)). "[T]he inquiry is whether the Plaintiff sufficiently alleges that the Defendants failed to confirm in writing the amount of the Debt and the identity of the creditor[]." *Ritter v. Cohen & Slamowitz, LLP*, 118 F. Supp. 3d 497, 502 (2015). The exhibits attached to Plaintiff's original complaint demonstrate that Defendants sent Plaintiff a letter indicating the date the credit accounts were opened and the outstanding debt amount. (Compls. Ex. B.) Plaintiff's exhibits also show that Defendants attached to the validation letter (1) "[a] copy of the signed contract or signed application, or a copy of a document sent to you while your account was active demonstrating the account was incurred by you; or the most recent monthly statement recording a purchase transaction, payment or balance transfer," and (2) "[t]he charge-off account statement." (*Id.*) The substantiation letter also indicates that JP Morgan Chase Bank, N.A. is the original and current creditor and "there is no chain of title to be provided." (*Id.*) Accordingly, Defendants satisfied their obligations under § 1692g. *See Ritter*, 118 F. Supp. 3d at 502–504 (holding that credit card statements without itemization were sufficient to satisfy § 1692g.)

Plaintiff argues that Defendants' provision of a "substantiation letter," instead of a "validation letter," failed to satisfy the requirements of § 1692. (Pl.'s Opp.'n at 2.) Plaintiff is wrong. All that is required for verification is a written statement from the creditor claiming what debt is owed and the identity of the person who owes the debt. *See Stonehart*, 2001 WL 910771, at *6–7 ("Verification of a debt requires only that the debtor collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.'") The exhibits attached to Plaintiff's

7

original complaints support this finding. (Compls. Ex. B.) Defendants' use of the word "substantiation" rather than "validation" is of no moment. Plaintiff's claim that Defendants violated the FDCPA must be dismissed.

### III.     CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

Plaintiff fails to establish that Defendants' conduct is attributable to state action as required to sustain a claim under 42 USC § 1983. ("Section 1983" or "§ 1983.") To support a claim arising under § 1983, a Plaintiff must show that "the conduct at issue 'must have been committed by a person acting under color of state law.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d. Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d. Cir. 1994)). Such "state action occurs where the challenged action of a private party is 'fairly attributable' to the state." *Logan v. Bennington Coll. Corp.*, 72 F.3d 1017, 1027 (2d Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). When the action involves "merely private conduct" it does not satisfy the under color of state law element. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful.'")

Here, Plaintiff alleges that Defendants violated § 1983 by refusing to prove Plaintiff's debt before commencing collections against him and unlawfully obtaining Plaintiff's private information. (Am. Compl. ¶¶ 3, 7.) Despite bringing this action against a law firm and an attorney partner at said law firm, Plaintiff does not allege that either party is a state actor or acting under color of state law. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]o state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.") In fact, Plaintiff asserts very little to support his claim under § 1983, merely noting that Defendants' actions violate the statue without

asserting anything about state action or the requirements under § 1983. Accordingly, it cannot be said that Defendants are acting under color of state law. Plaintiff's claim must fail.

Finding that Plaintiff's claims fail under federal law, the Court declines to exercise jurisdiction over Plaintiff's additional claims for breach of contract, infliction of emotional distress, and negligent and reckless conduct.

## IV.     ATTORNEY'S FEES

Defendants allege that they are entitled to attorney's fees pursuant to § 1692k(a)(3), arguing that Plaintiff filed the claims in bad faith to harass Defendants. (Def.'s Mem. at 15–16.) A court may sanction a litigant where it brings frivolous claims and motions in bad faith. *See Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 57 (2d Cir. 2018) (affirming fee sanction where litigant was attorney who attempted to bait FDCPA violations). Here, Defendants argue that Plaintiff's conduct "demonstrates that he was never seeking legitimate redress for what he perceived to be violations of the FDCPA but merely as a vehicle to pursue a vendetta against the Defendants . . ." (Def.'s Mem. at 16.)

Federal courts have inherent authority to assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)). An imposition of sanctions requires "clear evidence that the challenged actions are *entirely without color*" and are initiated to harass or delay the proceedings or for other improper purposes. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (emphasis in original) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986), *cert. denied*, 480 U.S. 918 (1987)). A colorable claim must have "some legal and factual support, considered in

9

light of the reasonable beliefs of the individual making the claim." *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980).

While a court may order a pro se litigant to pay legal fees, the court must adequately warn the pro se litigant before imposing such an order. *See Sassower v. Field*, 973 F.2d 75, 79 (2d Cir. 1992) (holding that federal courts can order pro se litigants to pay legal fees pursuant to courts' inherent power and Rule 11); *see also Golub v. Univ. of Chicago*, No. 87-cv-2891, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992) (sanctioning pro litigant after repeatedly warning plaintiff of the consequences of frivolous filings). In addition, "[l]ack of meritorious claims alone does not warrant . . . sanctions, especially if plaintiff is proceeding pro se." *Shahid v. Ridgewood-Bushwick Senior Citizens Council,* No. 03-CV-4949, 2005 WL 1009549, at *1 (E.D.N.Y. Apr. 26, 2005). While Plaintiff refused to accept that Defendants properly validated his debt, his conduct falls short of filing frivolous motions or engaging in litigation delaying tactics. Without more, the Court is unable to find that Plaintiff acted in bad faith upon filing the instant action. Accordingly, Defendants' request for attorney's fees is DENIED.

## CONCLUSION[4]

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully requested to enter judgment and close this case accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[4] Plaintiff's separate motions requesting a "temporary or permanent injunction" (ECF No. 61) and leave to move for summary judgment (ECF No. 65) are denied as moot.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       September 29, 2023  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                  United States District Judge